Missouri Pacific Railroad Company *v.* Fields Brothers.

Opinion delivered May 6, 1918.

CARRIERS—SHIPMENT OF PERISHABLE FREIGHT—RIGHT TO SPECIFY KIND OF CAR TO BE USED.—A railway company is without authority to require that a car load of apples be shipped from Russellville, Ark., to Little Rock, Ark., a distance of about sixty miles, in a refrigerator car, instead of a common box car, and when the carrier makes such an unreasonable requirement the shipper may recover back the excess freight charges paid for the refrigerator car, over that charged for a common box car.

Appeal from Pope Circuit Court; *A. B. Priddy,* Judge; affirmed.

*Thos. B. Pryor* and *W. P. Strait,* for appellant.

Appellant had the right to select and use the equipment most suitable for the transportation with safety of perishable articles, and to charge the usual rate therefor. 82 Ark. 143; 74 *Id.* 597. See also as to the duty and liability of carriers. 83 Ark. 143, 562; 46 *Id.* 241; 56 *Id.* 424; 93 *Id.* 537; 74 *Id.* 597; 35 *Id.* 402; 4 Elliott on Railroads, § 1475; 1 Sh. & Redf. on Negl., § 39; 1 Moore on Carriers (2 ed.), 152; 27 S. W. 1031; 16 So. 255; 13 Mo. App. 254.

HUMPHREYS, J. This suit was brought by appellees against appellant in a magistrate's court in Pope County to recover $30.40, the alleged difference in the freight rate between an ordinary box car and an iced car between Russellville and Little Rock. Appellees obtained judgment for the amount in the magistrate's court, from which an appeal was taken to the circuit court.

By agreement in the circuit court, the cause was submitted, upon an agreed statement of facts, to the court

sitting as a jury. The agreed statement of facts is as follows:

"It is agreed as the facts in this case that on the 3d day of August, 1917, plaintiff, Fields Brothers, a partnership composed of Clifton and Jeff Fields, applied to the station agent of defendant at Russellville to furnish a common box car for the shipment of a car load of apples to Little Rock. That defendant refused to accept the apples as perishable articles for shipment in a common box car and demanded that plaintiff ship the fruit in question in a refrigerator car, and because of such demand the plaintiff gave the order for a refrigerator car, which is attached hereto, and shipped said apples therein, and that the regular freight rate for such car is $35 more between the points involved than would have been the rate for a common box car without refrigerator facilities, and this plaintiff paid the regular rate for the use of such refrigerator car and brings this suit to recover the difference between the rate for it and the rate for a common car which was requested and which defendant declined to use for such shipment, less a credit of $4.60, which was a mistake as capacity of cars, leaving net difference of $30.40."

Judgment was rendered in favor of appellees for $30.40, from which an appeal has been prosecuted to this court.

Appellant insists that it had a right under the agreed facts in the case to impose an iced car upon appellees for shipping a car of apples from Russellville to Little Rock, and that appellees had no right to demand a common box car for the shipment of the car of apples. The insistence of appellant is based upon the theory that it is the legal duty of railroad companies to use the most suitable equipment and means of transportation in common use of a particular kind of freight, and to compel the payment of the legal and usual charges therefor. It is asserted by appellant that it was its duty to furnish to and require the shipper to take an iced car because apples are perishable. We are asked to declare as a mat-

ter of law that a railroad company may require a shipper to ship perishable freight, such as apples, in an iced car. We do not think the agreed statement of facts in this case necessarily presents that question to this court for determination, for the reason that there is no proof in the record showing that apples are such a perishable product that they must necessarily be carried in an iced car. It is a matter of common knowledge that apples are shipped in iced cars, ventilated cars and common box cars. This practice is sanctioned for the very reason that apples are not regarded as a very perishable product. It is a matter of common knowledge that in a short haul of fifty or sixty miles the damage to a car of apples, by reason of heating, would not be appreciable. Reasonable latitude should be accorded a railroad in providing the character of equipment in which to carry particular kinds of freight, but it would be wholly unreasonable to allow it to arbitrarily characterize a certain product as perishable and exact that the shipper use the equipment provided, if practical to use some other character of equipment at a much less freight rate. It not being required under the facts in this case to lay down any general rule on the subject, we refrain from doing so at this time.

We think the court was correct in holding under the particular facts in the case that appellant railroad had no right to impose an iced car upon appellees for the shipment of a car of apples from Russellville to Little Rock at an extra freight rate of $30.40 above the freight rate for a common box car. In other words, we think it entirely practical to ship a car of apples from Russellville to Little Rock in a common box car.

It is insisted by appellant that, notwithstanding its refusal to furnish a common box car to appellees, appellees, having accepted and used the iced car at the freight rate charged, are bound under the contract to pay the regular freight rate on the car so used, and can not recover the difference between the freight rate on the iced car and the freight rate on a common box car. Under the agreed statement of facts, appellees demanded a com-

mon box car but were forced to take an iced car at an additional freight rate of $30.40. The freight rate on the iced car was not willingly paid by appellees. They were at the mercy of appellant, and were driven to the necessity of accepting the character of car dictated, or of refraining from shipping their product to the market. It is true, as suggested by appellant, that courts will only enforce contracts, and not make them, but it is also true that courts will not enforce contracts entered into by the coercion of one of the parties. Appellees were entitled to the car ordered, under the agreed statement of facts in this case, upon the payment of the usual freight rate, and therefore have a right to recover any additional freight exacted and obtained by appellant.

No error appearing in the record, the judgment is affirmed.